KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

G. SAMUEL CLEAVER (SBN 245717)
sam@gscleaverlaw.com
**LAW OFFICES OF G. SAMUEL CLEAVER**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 648-6676

Attorneys for Plaintiff Maria Herrera

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERRERA, as an individual and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 5:17-cv-02137-MWF-SHK<br><br>[Shashi H. Kewalramani; Courtroom 3 or 4]<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' FIRST OPPOSED *EX PARTE* APPLICATION TO COMPEL DEDENDANT TO PRODUCE ALL CELL PHONE USAGE AND REIMBURSEMENT POLICIES; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Stephanie E. Yasuda; [Proposed] Order]<br><br>Date Filed: September 12, 2017<br>Date Removed; October 19, 2017<br>Trial Date: October 29. 2019 |

PLAINTIFF'S FIRST OPPOSED EX PARTE APPLICATION TO COMPEL DEFENDANT
TO PRODUCE ALL CELL PHONE USAGE AND REIMBURSEMENT POLICIES

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiff Maria Herrera ("Plaintiff") hereby applies *ex parte* for an order compelling Federal Express Corporation ("FedEx" or "Defendant") to produce <u>all</u> its cell phone usage and reimbursement policies subject to the requirements of Fed. R. Civ. P. 26(e)(1) and 34(b)(2)(B).

Good cause exists to grant Plaintiff's *ex parte* application because the requested documents are highly material to Plaintiff's unreimbursed business expenses cause of action and Plaintiff has been diligent in seeking the requested documents.

FedEx cell phone use and reimbursement policies are highly relevant to this action. Plaintiff asserts that FedEx required her and other FedEx drivers to routinely use their personal cell phones for FedEx business while failing to reimburse her and the other drivers for the cost of their cell phone use. Plaintiff has the right to examine whether FedEx's cell phone use and/or reimbursement policy is lawful on its face or not. The documents are also highly relevant because are potentially indicative of the company policy that has existed throughout the class period. Conversely, depending on the date, the documents may also be indicative that FedEx did not have a cell phone reimbursement policy during the class period, which is highly relevant to Plaintiff's claims as well.

Plaintiff has been diligent in seeking FedEx's cell phone usage policies, which FedEx has repeatedly promised to produce and repeatedly asserted that it has produced. FedEx agreed to produce all documents relating to its expense reimbursement policies in its response to Plaintiff's Request for Production ("RFP") No. 24 served on December 18, 2017. FedEx also stated in its June 28, 2018 Amended Response to RFP No. 24 that "it has produced all responsive

policies."[1]  Not true.  Plaintiff has since learned that FedEx has a new cell phone usage and reimbursement policy.  The policy is clearly responsive to RFP No. 24 and FedEx has an obligation to produce the policy pursuant to FedEx's obligations imposed by Fed. R. Civ. P. 26(e)(1).

Upon learning of the new policy, counsel for Plaintiff emailed counsel for FedEx requesting production of the policy on October 23, 2018.  On October 24, counsel for FedEx responded that "[w]e will produce any new or changed policy concerning reimbursement for personal cell phone use."  On October 29, counsel Plaintiff again requested that FedEx produce the new policy.  FedEx counsel responded that "I will try to have those [documents] to you tomorrow."  On October 30, counsel for FedEx again promised that "[w]e will produce the cell phone documents . . . on November 1."  Then at the end of the day on November 2, FedEx suddenly changed its position and refused to produce the documents on the grounds that "such documents and communications represent subsequent remedial measures which are inadmissible under FRE 407."  On November 2 and again on November 5, counsel for Plaintiff provided FedEx with legal authority explaining why Fed. R. Evid. 407 has no application to the instant dispute.

As discussed in detail in the accompanying memorandum of points and authorities, Fed. R. Evid. 407 in no way relieves FedEx of its obligation to produce the requested documents.  For example, in, *Dupree v. City of L.A.*, 2010 U.S. Dist. LEXIS 153201 at * 22 (C.D. Cal. Feb. 3, 2010), the court rejected defendant's Rule 407 objection that plaintiff could not discover evidence concerning a policy that defendant had claimed was a subsequent remedial measure.  The court explained that "even if evidence of subsequent remedial measures is inadmissible for trial for certain purposes under Federal Rule of Evidence 407, that rule does not pertain to pretrial discovery.  The better rule is to permit discovery, not only because Rule 407 is essentially a rule of public policy

---

[1] FedEx also listed cell phone usage policies in its Supplemental Initial Disclosures served on October 29, 2018

rather than of relevancy, but also because subsequent remedial measures might be admissible to prove a consequential material fact in issue." *Id.* at **21-22 (internal quotes and citations omitted).

Plaintiff's motion for class certification is due November 19, 2018. Plaintiff needs the requested documents as soon as possible to prepare her motion. FedEx's sudden change of position after <u>repeatedly</u> promising to produce the requested documents has left Plaintiff no choice but to make this *ex parte* application for relief from the Court.

This application is based upon this notice, the accompanying memorandum of points and authorities, the declaration of Stephanie E. Yasuda, the pleadings and papers on file in this action, and any such other matters as the Court may consider. Oral notice of this *Ex Parte* Application was attempted on Defendants' counsel (David Wilson) pursuant to Local Rule 7-19.1 on November 2, 2018. Plaintiff's counsel could not reach FedEx counsel via telephone to provide oral notice. Accordingly, Plaintiff's counsel provided notice of this *Ex Parte* Application by email on November 2. Counsel for FedEx responded on November 5, that he had "elevated this issue," and would let Plaintiff's counsel know "in the very near future" whether FedEx intended to oppose this application. Pursuant to Local Rule 7-19.1, Plaintiff hereby provides the name, address, telephone number and email address of counsel for the opposing party:

 David S. Wilson III
 FEDERAL EXPRESS CORPORATION
 2601 Main Street, Suite 340
 Irvine, CA 92614
 Telephone:  949.862.4656
 Facsimile:   901.492.5641
 dswilson@fedex.com

 Jane M. Flynn
 FEDERAL EXPRESS CORPORATION
 2601 Main Street, Suite 340
 Irvine, CA 92614
 Telephone:  949.862.4656
 Facsimile:   901.492.5641
 dswilson@fedex.com

| | |
|---|---|
| Date: November 6, 2018 | **YOON LAW, APC** |
| | By: */s/ Stephanie E. Yasuda* |
| | Stephanie E. Yasuda |
| | Attorneys for Plaintiff Maria Herrera |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Maria Hernandez ("Plaintiff") seek *ex parte* relief in the form of an order allowing compelling Defendant Federal Express Corporation ("FedEx" or "Defendant") to produce all its cell phone usage and reimbursement policies from September 12, 2013 to the present. FedEx cell phone use and reimbursement policies are highly relevant to this action. They are highly material to Plaintiff's claim that FedEx required her and other FedEx drivers to routinely use their personal cell phones for FedEx business but failed to reimburse her and the other drivers for their cell phone use. FedEx agreed to produce all its cell phone reimbursement and usage policies in response to Plaintiff's Request for Production ("RFP") No. 24. Pursuant to Fed. R. Civ. P. 26(e)(1), FedEx has a continuing duty to produce all responsive documents and should be compelled to do so.

For these reasons and as discussed in further detail below, Plaintiffs respectfully request *ex part*e relief in the form of an order directing Defendant to produce all its cell phone usage and reimbursement policies, in addition to any related documents given to putative class members therewith, such as request for reimbursement forms and communications regarding how to fill out the reimbursement form, within 72 hours.

## II. GOOD CAUSE EXISTS TO ORDER FEDEX TO PRODUCE ALL ITS CELL PHONE REIMBURSEMENT AND USAGE POLICIES

### A. Requests in Dispute

#### 1. Relevant Definitions

The term "COVERED EMPLOYEES" refers to all non-exempt delivery drivers employed by Defendants who worked in California during the COVERED PERIOD.

The term "COVERED PERIOD" shall mean September 12, 2013, to the present.

The term "DOCUMENT" has the same meaning as in Federal Rules of Civil Procedure 34(a), and includes electronic data, revisions, drafts, works in progress, preliminary work, and copies of the original.

The term "RELATE to" or any derivative thereof shall mean constitute, evidence, contain, embody, reflect, reference, explain, memorialize, repeat, incorporate, confirm, discuss, list, summarize, identify, state, deal with, comment on, respond to, describe, show, mention, analyze, support or be in any way pertinent to.

The terms "YOU" or "YOUR" refer to Defendant Federal Express Corporation and its representatives, agents, officers, directors, attorneys, subsidiaries, dba's and any other person or entity under its control or acting on its behalf.

### 2. Request No. 24

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS that RELATE TO, reflect, refer to, or record YOUR policies, practices and procedures regarding payment of reimbursement of necessary work-related expenses to COVERED EMPLOYEES during the COVERED PERIOD.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendant objects as follows:

1. The request is overly broad in scope and unduly burdensome;

2. The request seeks production of documents that are protected by the attorney-client privilege and/or work product doctrine;

3. The terms "COVERED EMPLOYEES," "RELATE TO," "reflect," and "refer to" are vague and ambiguous;

    4.    The request seeks production of documents that contain information protected by rights of privacy;

    5.    This request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy.

Subject to and without waiving the foregoing objections, Defendant states that it is producing its People Manual and Profit Manual which contain the company's policies regarding expense reimbursement.

AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendant objects as follows:

    1.    The request is overly broad in scope and unduly burdensome;

    2.    The request seeks production of documents that are protected by the attorney-client privilege and/or work product doctrine;

    3.    The terms "COVERED EMPLOYEES," "RELATE TO," "reflect," and "refer to" are vague and ambiguous;

    4.    The request seeks production of documents that contain information protected by rights of privacy;

    5.    This request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy.

Subject to and without waiving the foregoing objections, Defendant states that it has produced all responsive policies.

    **B.**    **FedEx Should Be Compelled to Produce the Requested Documents**

        **1.**    **Fed. R. Civ. P. 26(e)(1) Dictates that FedEx Must Produce the Requested Documents**

FedEx's cell phone usage and reimbursement policy is clearly responsive to Plaintiff's RFP No. 24 and FedEx must produce the policy pursuant to Fed. R. Civ. P. 34(b)(2)(B) and FedEx's obligations imposed by Fed. R. Civ. P. 26(e)(1) to supplement its response.

FedEx cell phone use and reimbursement policies are highly relevant to this action. Plaintiff asserts that FedEx required her and other FedEx drivers to routinely use their personal cell phones for FedEx business while failing to reimburse her and the other drivers for their cell phone use. Thus, the documents sought are highly relevant because Plaintiff has the right to examine whether FedEx's cell phone use and/or reimbursement policy is lawful on its face or not. The documents are also highly relevant because are potentially indicative of the company policy that has existed throughout the class period. Conversely, depending on the date, the documents may also be indicative the FedEx did not have a cell phone reimbursement policy during the class period, which is highly relevant to Plaintiff's claims as well.

### 2. FedEx Has Already Agreed to Provide Responsive Documents

In response, to RFP No. 24, FedEx indicated that it would produce its People Manual and Profit Manual which contained the company's policies on reimbursement. Having done so, FedEx cannot now retroactively change its mind and take back its agreement to produce responsive documents that it had previously agreed to produce.

FedEx counsel promised on multiple occasions to produce the documents. On October 23, 2018, counsel for Plaintiff emailed counsel for FedEx requesting production of the policy. On October 24, counsel for FedEx responded that "[w]e will produce any new or changed policy concerning reimbursement for personal cell phone use." On October 29, counsel Plaintiff again requested that FedEx produce the new policy. The same day FedEx counsel responded that "I

will try to have those [documents] to you tomorrow." On October 30, counsel for FedEx again promised that "[w]e will produce the cell phone documents . . . on November 1."

Then at the end of the day on November 2, FedEx suddenly changed its position and refused to produce the documents on the grounds that "such documents and communications represent subsequent remedial measures which are inadmissible under FRE 407." FedEx should not be allowed to use such sharp tactics to evade its discovery obligations and undermine Plaintiff's ability to prepare her motion for class certification.

### 3. Fed. R. Evid. 407 Does Not Apply Here

In the parties' meet and confer correspondence, counsel for FedEx attempted to fashion a shield out of Fed. R. of Evid. 407 by claiming that the company's updated cell phone usage policy constituted a "subsequent remedial measure." According to FedEx, Rule 407, which governs the admissibility of subsequent remedial measures, bars discovery of the cell phone policy because the cell phone policy is supposedly not admissible as evidence.

FedEx cannot shirk its discovery obligations in this way. First, FedEx did not make any relevance objection to Plaintiff's RFP No. 24. Accordingly, FedEx has waived the objection and cannot make it now.

More importantly, Fed. R. Evid. 407 does not apply. In, *Dupree v. City of L.A.*, 2010 U.S. Dist. LEXIS 153201 at * 22 (C.D. Cal. Feb. 3, 2010), the court rejected defendant's Rule 407 objection that plaintiff could not discover evidence concerning a policy that defendant had claimed was a subsequent remedial measure. The court explained that "even if evidence of subsequent remedial measures is inadmissible for trial for certain purposes under Federal Rule of Evidence 407, that rule does not pertain to pretrial discovery. The better rule is to permit discovery, not only because Rule 407 is essentially a rule of public policy rather than of relevancy, but also because subsequent remedial measures

might be admissible to prove a consequential material fact in issue." *Id.* at **21-22 (internal quotes and citations omitted).

Rule 407 also does not apply because, as discussed above, the reasons that the new policy are relevant are completely separate and apart from whether FedEx's new policy constitutes a subsequent remedial measure. The documents are relevant to whether FedEx's cell phone use and/or reimbursement policy is lawful on its face or not. The documents are also highly relevant because are potentially indicative of the company policy that has existed throughout the class period, or conversely, depending on the date, the documents may also be indicative the FedEx did not have a cell phone reimbursement policy during the class period, which is highly relevant to Plaintiff's claims as well. The documents are further discoverable on these grounds which have nothing to do with Rule 407. *See Vought Aircraft Indus. v. Falvey Cargo Underwriting, Ltd.*, 729 F.Supp.2d 814, 847-848 (N.D. Tex. 2010) (Rule 407 does not exclude evidence relevant to a purpose than making an injury or harm less likely to occur).

Additionally, Rule 407 states the Court may admit the evidence for impeachment. Thus the documents are discoverable and relevant as evidence used to impeach any claims by FedEx that it had a reimbursement policy that complied with California law. *Patrick v. South Cent. Bell Tel. Co.*, 641 F.2d 1192, 1196-1197 (finding that district court did not err in admitting evidence to rebut suggestions by defendant's witness that telephone cables in question were at the statutorily required height at the time of the accident in question).

**4.    FedEx Will Suffer No Prejudice by Producing the Documents**

FedEx should not be allowed to the use Rule 407 to conceal its failure to comply with California's business expense reimbursement laws. FedEx has made no showing that the requested documents are more than a few pages in length or that they could not be promptly transmitted to Plaintiff's counsel. They

contain no trade secrets or are otherwise confidential. By contrast, the documents are highly relevant to Plaintiff's class certification motion as they go to whether FedEx had a policy to fail to reimburse its drivers for use of personal cell phone use for FedEx business. FedEx will suffer no prejudice from producing the documents, while Plaintiff will be severely prejudiced if she is not able to review and use them to support her class certification motion.

IV.   **PLAINTIFF DID NOT UNREASONABLY DELAY IN SEEKING *EX PARTE* RELIEF**

Plaintiff has been diligent in seeking FedEx's cell phone usage policies, which FedEx has repeatedly promised to produce and repeatedly asserted that it had produced. As detailed above, FedEx agreed to produce the policies in its response to Plaintiff's RFP No. 24. FedEx also stated in its amended response to RFP No. 24 that "it has produced all responsive policies." Plaintiff had every reason to believe that FedEx had produced all relevant policies and that there was no need to seek further production.

Once Plaintiff learned that FedEx had issued a new cell phone reimbursement and usage policy that she did not have, Plaintiff met and conferred with FedEx counsel. On October 23, 2018, counsel for Plaintiff emailed counsel for FedEx requesting production of the policy. On October 24, counsel for FedEx responded that "[w]e will produce any new or changed policy concerning reimbursement for personal cell phone use." On October 29, counsel Plaintiff again requested that FedEx produce the new policy. The same day FedEx counsel responded that "I will try to have those [documents] to you tomorrow." On October 30, counsel for FedEx again promised that "[w]e will produce the cell phone documents . . . on November 1." FedEx consistently represented that it would comply with its discovery obligations. Then at the end of the day on November 2, FedEx suddenly changed its position and refused to produce the documents. Plaintiff's motion for class certification is due

November 19, 2018. Plaintiff needs the requested documents as soon as possible to prepare her motion. FedEx's sudden change of position after repeatedly promising to produce the requested documents has left Plaintiff no choice but to make this *Ex Parte* Application for relief from the Court.

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests *ex parte* relief in the form of an order directing FedEx to produce all its cell phone usage and reimbursement policies from September 12, 2013 to the present within 72 hours.

Date: November 6, 2018                         **YOON LAW, APC**


                                                              By: */s/ Stephanie Yasuda*
                                                                    Stephanie Yasuda
                                                              Attorneys for Plaintiff Maria Herrera