KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

G. SAMUEL CLEAVER (SBN 245717)
sam@gscleaverlaw.com
**LAW OFFICES OF G. SAMUEL CLEAVER**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 648-6676

Attorneys for Plaintiff Maria Herrera

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERRERA, as an individual and on behalf of all others similarly situated, and as an aggrieved employee on behalf of herself and other aggrieved employees,<br><br>            Plaintiff,<br><br>    v.<br><br>FEDERAL EXPRESS CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: 5:17-cv-02137-MWF-SHK<br><br>[Hon. Michael W. Fitzgerald, Courtroom 5A]<br><br>**THIRD AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND PENALTIES FOR:**<br><br>**(1) VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512;**<br><br>**(2) VIOLATION OF LABOR CODE SECTIONS 1194 AND 510;**<br><br>**(3) VIOLATION OF LABOR CODE SECTION 2802;**<br><br>**(4) VIOLATION OF LABOR CODE SECTION 226;**<br><br>**(5) VIOLATION OF LABOR CODE SECTIONS 201-204;**<br><br>**(6) BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*** |

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**(7) VIOLATION OF LABOR CODE SECTION 2698 *et seq.* (PAGA)**

**DEMAND FOR JURY TRIAL**

Plaintiff Maria Herrera ("Plaintiff") hereby submits her Third Amended Class Action and Representative Action Complaint for Damages and Penalties against Defendant Federal Express Corporation, an entity unknown, and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of herself and other similarly situated current and former employees of Defendants for meal period and rest break premiums, overtime and minimum wages, reimbursements for work-related expenses, and penalties as follows:

## INTRODUCTION

1.      This class action and representative action is brought pursuant to Labor Code §§ 201-204, 226, 226.7, 227.3, 510, 512, 1194, 2698 *et seq.* (the Private Attorneys General Act of 2004 ("PAGA")), 2802, Industrial Welfare Commission ("IWC") Wage Order No. 9-2001 (codified as California Code of Regulations, title 8, § 11010), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")).

2.      This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and corresponding IWC Wage Order against the putative class of employees.

3.      Plaintiff is informed and believes and thereon alleges Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all overtime wages and minimum wages, (3) failing to reimburse all necessary work-related expenses, (4)

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

failing to timely pay all wages due and owing upon termination of employment, (5) failing to provide accurate wage statements, and (6) engaging in unfair business practices.

## JURISDICTION AND VENUE

**4.** This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the District Court and will be established according to proof at trial.

**5.** This Court has determined it possess jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).

**6.** This Court has jurisdiction over the violations of Labor Code §§ 201-204, 226, 226.7, 227.3, 510, 512, 1194, PAGA, 2802, IWC Wage Order No. 9-2001, and the UCL.

**7.** This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

**8.** Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have offices in this county, and the acts and omissions alleged herein took place in this county.

## PARTIES

**9.** Plaintiff is an individual residing in the State of California. Plaintiff was formerly employed by Defendants and classified by Defendants as a non-exempt employee during the statutory period.

**10.** Defendant Federal Express Corporation is a corporation licensed to do business and actually doing business in the State of California, with a principal business office located in Irvine, California.

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**11.**    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**12.**    At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

**13.**    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 201-204, 226, 226.7, 227.3, 510, 512, 1194, PAGA, 2802, IWC Wage Order No. 9-2001, and the UCL.

<u>**CLASS ACTION ALLEGATIONS**</u>

**14.    Definition:**   Plaintiff seeks class certification pursuant to Federal Rule 23  of a class of all non-exempt delivery drivers employed by Defendants who worked in California during the period from September 12, 2013, to the present, including the following Subclasses:

   **(a)    Meal Period Subclass:** all Defendants' non-exempt courier delivery drivers who worked one or more shifts in excess of

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

six (6) hours in California during the period from September 12, 2013, to the present;

**As an alternative to Subclass (a):** all Defendants' non-exempt courier delivery drivers who worked one or more shifts in excess of six (6) hours in California without receiving a 30-minute break during which they were relieved of all duties, during the period from September 12, 2013, to the present;

**(b)    Rest Break Subclass:** all Defendants' non-exempt courier delivery drivers who worked one or more shifts of three and one-half (3.5) hours or more in California during the period from September 12, 2013, to the present;

**As an alternative to Subclass (b):** all Defendants' non-exempt courier delivery drivers who worked one or more shifts of three and one-half (3.5) hours or more in California without receiving a paid 10-minute break during which they were relieved of all duties, during the period from September 12, 2013, to the present;

**(c)    Overtime Subclass:** all Defendants' non-exempt courier delivery drivers who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California during the period from September 12, 2013, to the present;

**As an alternative to Subclass (c):** all Defendants' non-exempt courier delivery drivers who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California and were not properly paid all overtime wages during the period from September 12, 2013, to the present;

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(d)    **Minimum Wage Subclass** all Defendants' non-exempt courier delivery drivers who worked in California and were not properly paid all minimum wages during the period from September 12, 2013, to the present;

(e)    **Reimbursement Subclass:** all Defendants' non-exempt delivery drivers who worked in California and incurred business expenses that were not reimbursed during the period of September 12, 2013, to the present;

(f)    **Wage Statement Subclass:** all Defendants' non-exempt courier delivery drivers who worked in California and received an itemized wage statement during the period of September 12, 2014, to the present;

(g)    **Terminated Employee Subclass:** all Defendants' non-exempt courier delivery drivers who worked in California and who were not properly paid all wages on termination or within 72 hours thereof during the period of September 12, 2014, to the present;

15.    **Numerosity:**   The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

16.    **Adequacy of Representation**:  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

17.    Defendants uniformly administered a corporate policy, practice

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all overtime wages and minimum wages, (3) failing to reimburse all necessary work-related expenses, (4) failing to pay all wages due and owing upon termination of employment, (5) failing to provide accurate wage statements, and (6) engaging in unfair business practices.   Plaintiff allege this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed members of the Class.

18.   **Common Question of Law and Fact:**   There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members meal and rest break wages, overtime and minimum wages, reimbursement for necessary work-related expenses, and accurate wage statements.

19.   **Typicality:**   The claims of Plaintiff are typical of the claims of all members of the Class.   Plaintiff is a member of the Class and has suffered the alleged violations of Labor Code §§ 201-204, 226, 226.7, 227.3, 510, 512, 1194, 2802, IWC Wage Order No. 9-2001, and the UCL.

20.   The Labor Code upon which Plaintiff bases her claims is broadly remedial in nature.   These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

21.   The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.   If each employee were required to file an individual lawsuit, the

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

22.    The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.  Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

23.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of meal period and rest break premiums, overtime wages and minimum wages, and reimbursement for necessary work-related expenses, and penalties, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

24.    Proof of a common business practice or factual pattern, which Plaintiff experienced and is representative of, will establish the right of each

8

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Class Member to recovery on the causes of action alleged herein.

25.    The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.   This action is brought for the benefit of the entirety of all Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226.7

### REGARDING MEAL PERIOD AND REST BREAK WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), (h), and (g))

26.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.    In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), (c), (d), (h), and (g) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

28.    As a pattern and practice, Defendants regularly did not provide employees with their meal periods and rest breaks and did not provide proper compensation for this failure.

29.    Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (h), and (g) with legally mandated meal periods and rest breaks is a violation of California law.

30.    Defendants willfully failed to pay employees whom they did provide the opportunity to take meal periods and rest breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order, and Plaintiff and the Class and Subclasses (a), (b), (c), (d), (h), and (g) are owed wages for meal period and rest break premiums as set forth above.

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**31.**     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (a), (b), (c), (d), (h), and (g) identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon.

**32.**     Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (h), and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 1194**

**REGARDING OVERTIME AND MINIMUM WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE**

**CLASS AND SUBCLASSES (a), (b), (c), (d), (g) and (h))**

**33.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

**34.**     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked over eight (8) hours in a day or forty (40) hours in a workweek.

**35.**     As a pattern and practice, Defendants regularly failed to compensate its employees for all hours worked, resulting in a failure to pay all minimum wages and, where applicable, overtime wages.

**36.**     This resulted in Plaintiff and the Class and Subclasses (a), (b), (c), (d), (g) and (h) receiving total wages in an amount less than minimum wage and,

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

when applicable, deprived Plaintiff and the Class and Subclasses (a), (b), (c), (d), (g) and (h) of overtime wages.

37.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a), (b), (c), (d), (g) and (h) in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

38.     Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (g) and (h) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 2802
## REGARDING BUSINESS EXPENSES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (f), (g), and (h))

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

40.     At all times relevant herein, Defendants were required to indemnify their employees for all necessary expenditures or losses incurred in direct consequence of the discharge of the employees' duties, or of the employees' obedience to the directions of the employer pursuant to California Labor Code § 2802.

41.     In violation of Labor Code § 2802, Defendants failed to reimburse

11

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff and the Class and Subclasses (f), (g) and (h) for all necessary work-related expenses, including, but not limited to, all costs associated with the use of personal cell phones for work-related calls or text messages.

42.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (f), (g) and (h) in a civil action, for all damages and/or penalties pursuant to Labor Code § 2802, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 2802.

43.     Defendants' willful failure to provide Plaintiff and the Class and Subclasses (f), (g) and (h) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226

### REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (c), (d), (e), (g))

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.     In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records regarding the rates of pay for their California employees.  For example, as a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records of Plaintiff and the Class and Subclasses (c), (d), (e) and (g)'s gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate, and in addition, the correct name and address

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

of the employer.

46.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (c), (d), (e) and (g) identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 203

### REGARDING WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (d) (e), (f), (g), and (h))

47.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set for herein.

48.    At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

49.    As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (d) (e), (f), (g), and (h) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

50.    The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and the Class and Subclasses (a), (b), (d) (e), (f), (g), and (h)'s rights, and done by managerial employees of Defendants.

51.    Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (d) (e), (f), (g), and (h) the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30)

days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL CLASSES AND SUBCLASSES)

52.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set for herein.

53.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break premiums, (2) all overtime wages and minimum wages, (3) reimbursements for all necessary work-related expenses, (4) accurate wage statements, and (5) all wages due and owing upon termination of employment.

54.    Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

55.    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

56.    Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described therein.

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**57.**     Plaintiff seeks, on her own behalf, and on behalf of other members of the Class and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**SEVENTH CAUSE OF ACTION**

**FOR VIOLATION OF PAGA**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL AGGRIEVED EMPLOYEES)**

**58.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

**59.**     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

**60.**     Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, Plaintiff is not required to, nor does she, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

**61.**     On October 2, 2017, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions.   To date, she has not received a response.

**62.**     Plaintiff and the other non-exempt employees are "aggrieved

15

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Minimum and Overtime Wages

**63.**    At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, 1197.1, and 1198.

**64.**    As a pattern and practice, Defendants failed to compensate Plaintiff and other similarly-situated current and former employees for all hours worked, including for the time spent working off-the-clock, and the time spent working through recorded meal periods.   Plaintiff asserts these policies and practices resulted in a failure to pay all minimum wages and, where applicable, overtime wages.

### Failure to Provide Meal Periods and Rest Breaks

**65.**    In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and other aggrieved employees had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

**66.**    As a pattern and practice, Defendants regularly failed to provide Plaintiff and other aggrieved employees their duty-free meal periods and rest breaks and did not provide proper compensation for this failure.   Specifically, Plaintiff asserts she and other aggrieved employees were not provided a reasonable opportunity to take all meal periods and rest breaks, and were expressly told to eat "on-the-go."

### Failure to Reimburse Necessary Work-Related Expenses

**67.**    At all times relevant herein, Defendants were required to indemnify

16

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

their employees for all necessary expenditures or losses incurred in direct consequence of the discharge of the employees' duties, or of the employees' obedience to the directions of the employer pursuant to California Labor Code § 2802.

68.   In violation of Labor Code § 2802, Defendants failed to reimburse Plaintiff and other aggrieved employees for all necessary work-related expenses, including, but not limited to, expenses incurred in the use of their personal mobile telephones for business purposes.

### Failure to Timely Pay Wages During Employment

69.   At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code § 204.

70.   As a pattern and practice, Defendants regularly failed to pay Plaintiff and other similarly-situated current and former employees all wages due and owing them within the required time period.

### Failure to Timely Pay Wages Upon Termination

71.   At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

72.   As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other similarly-situated former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

### Failure to Provide Complete and Accurate Wage Statements

73.   At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174(d).

74.   As a result of Defendants' various Labor Code violations,

Defendants failed to keep accurate records regarding Plaintiff and other similarly-situated current and former employees.  For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and other similarly-situated current and former employees' gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

### Damages

75.    Pursuant to California Labor Code § 2699, Plaintiff, individually and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, unpaid wages, civil penalties, interest, attorneys' fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

76.    Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

77.    Penalties under California Code of Regulations Title 8 § 11090 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

78.    Penalties under California Labor Code § 210 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus 25% of the amount unlawfully withheld;

79.    Penalties under Labor Code § 226.3 in the amount of two hundred fifty dollars ($250) per employee per initial violation and one thousand dollars ($1,000) per employee for each subsequent violation;

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**80.** Penalties under Labor Code § 558 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

**81.** Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

**82.** An amount sufficient to recover unpaid wages under Labor Code § 558;

**83.** An amount sufficient to recover unpaid wages under Labor Code § 1197.1;

**84.** Any and all additional penalties and sums as provided by the Labor Code and/or other statutes; and

**85.** Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, 2699, 2802, and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representative of the Class as described herein;

3. For an order appointing counsel for Plaintiff as counsel for the Class;

4. Upon the First Cause of Action, for all meal period and rest break wages owed, and for costs;

5. Upon the Second Cause of Action, for all minimum wages owed and

19

overtime wages owed, and for costs and attorney's fees;

6.  Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 2802, and for costs and attorneys' fees;

7.  Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

8.  Upon the Fifth Cause of Action, for all minimum wages owed and overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs and attorneys' fees;

9.  Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Upon the Seventh Cause of Action, for civil penalties and wages pursuant to statute as set forth in Labor Code § 2698 *et seq.*, for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197.1, 1198, 2800, and 2802; and

11. On all causes of action for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, 2699, 2802, and Code of Civil Procedure § 1021.5, and for such other and further relief the Court may deem just and proper.

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Dated: July 12, 2019                    **YOON LAW, APC**


                                        By: _____*/s/ Kenneth Yoon*_____
                                             Kenneth H. Yoon
                                             Stephanie E. Yasuda
                                             Brian G. Lee
                                        Attorneys for Plaintiff Maria Herrera

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and the Class and Subclasses, hereby demands a jury trial as provided by California law.


Dated: July 12, 2019                    **YOON LAW, APC**


                                        By: _____*/s/ Kenneth Yoon*_____
                                             Kenneth H. Yoon
                                             Stephanie E. Yasuda
                                             Brian G. Lee
                                        Attorneys for Plaintiff Maria Herrera

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES