JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARIA HERRERA, an individual and on behalf of all others similarly situated,

          Plaintiff,

  v.

FEDERAL EXPRESS CORPORATION, a corporation; and DOES 1 through 50, inclusive,

          Defendants.

Case No. 5:17-cv-2137-MWF-SHK

Before the Honorable Michael W. Fitzgerald

**ORDER AND JUDGMENT:**

  **(1) CONFIRMING CERTIFICATION OF SETTLEMENT CLASS**
  **(2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
  **(3) APPROVING CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS**
  **(4) AWARDING CLASS COUNSEL FEES AND COSTS**
  **(5) APPROVING SETTLEMENT ADMINSITRATOR FEES**
  **(6) ENTERING FINAL JUDGMENT**

This matter has come before the Court pursuant to Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees and Costs (Docket Nos. 119, 126) (collectively the "Motions"). The Court has considered the Motions, their accompanying memoranda and declarations, and the Settlement Agreement. The Court determines that the Settlement is fair, reasonable, and adequate. Adequate notice of the Settlement was provided to the Settlement Class in compliance with due process.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all Parties to the Action.
2. For the reasons stated in the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Preliminary Approval Order") (Docket No. 115), the Court finds that the action meets all the requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.
3. The Settlement Agreement is granted final approval as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arms-length and informed negotiation, and to treat all Class members fairly.
4. Notice to Class Members of the Settlement as described in the Settlement Agreement and the Preliminary Approval Order were sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement; their rights to object to the Settlement; their right to receive compensation, or elect not to participate in the Settlement; the processes

for receiving their compensation, electing not to participate in the Settlement, or objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed to all Class Members whose identities and addresses are reasonably known to the Parties, and such notice was the best notice practicable.

5. Class Members were provided with the opportunity to comment on, or object to the Settlement, as well as to elect not to participate in the Settlement. No valid or timely objections were filed by any Class Member, and only nine Class Members elected to not participate in the Settlement. The following nine individuals are not bound by the Settlement: Scott N. Andrews, Justin Barker, Forrest W. Burton, Ovier Estrada, Abbie L. Hornig-Davis, Abdalla B. Kinyariro, George A. Navarro, Jane C. Overway, and Clarice D. Robinson.

6. Phoenix Settlement Administrators is awarded $45,750 for its services as Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement and the Preliminary Approval Order.

7. Class Representative Maria Herrera is awarded the sum of $10,000 as a Class Representative Enhancement Payment pursuant to the terms set forth in the Settlement Agreement.

8. Class Counsel is awarded $1,360,857.50 as attorneys' fees, and $56,585.96 as costs, pursuant to the terms set forth in the Settlement Agreement.

9. Upon full and final payment by Defendants of the Gross Settlement Amount and Defendants' share of payroll taxes consistent with Section 6.12.1 of the Settlement Agreement, Plaintiff/Class Representative and

all Qualified Claimants, shall have by operation of the Final Order and this Judgment, fully, finally and forever released, relinquished, and discharged the Releasees from the Released Claims and the Class Representative's Released Claims as those terms are respectively defined in the Settlement, and are hereby forever barred and enjoined from prosecuting such released claims against the Released Parties.

10. By means of this Final Order and Judgment, this Court hereby enters Final Judgment in this action, as defined in Rule 54, Federal Rules of Civil Procedure.

11. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and this Final Order and Judgment.

12. The Court hereby reserves its exclusive, general and continuing jurisdiction over the Settlement Agreement as needed or appropriate in order to administer, supervise, implement, interpret or enforce the Settlement in accordance with its terms.

Dated: March 31, 2020

_____
MICHAEL W. FITZGERALD
United States District Judge